IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| B.A.G. CORP. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § | |
| v. | § | |
| | § | |
| SHELDON CONTAINERS, INC. | § | |
| | § | |
| Defendant. | § | JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff B.A.G. CORP. ("Plaintiff"), for its Original Complaint against SHELDON CONTAINERS, INC. ("Defendant"), alleges as follows:

### I.  NATURE OF ACTION

1.  Plaintiff files this lawsuit seeking injunctive relief and damages from Defendant for the unlawful conduct in which Defendant has engaged.  Specifically, this is an action for trademark infringement, dilution, unfair competition, misappropriation, tortious interference with existing and potential contract and business relations, and for injunctive relief.

### II.  THE PARTIES

2.  Plaintiff is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 11510 Data Drive, Dallas, Texas 75218.

3.  Defendant is a corporation organized and existing under the laws of the

---

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                                 1

State of Texas, with its principal place of business at 6016 Knute Street, Houston, Texas 77028.

### III.  JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties pursuant to 15 U.S.C. § 1121(a), Lanham Act § 39(a).

5. This Court has supplemental jurisdiction over all other claims that are related to the trademark claims pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction of Defendant because it is located in Texas, conducts business in Texas, and has committed acts of trademark infringement in Texas.

7. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

### IV.  FACTUAL BACKGROUND

**A.  Plaintiff's Business and Registered Trademark**

8. Founded in 1969, Plaintiff, originally known as Better Agriculture Goals Corporation, is an international manufacturer of containers and other products related to the storage and transportation of materials in bulk.  Plaintiff's products are sold throughout the United States and around the world.  One of Plaintiff's products is a bulk container that is marketed and sold as the Super Sack® (the "Mark").  Plaintiff first used the Mark in commerce in 1974.

9. In accordance with the Lanham Act, Plaintiff registered the Mark on the principal register of the United States Patent and Trademark Office ("USPTO") for goods and services related to "plastic bulk material container having hoisting sling and self-dispensing bottom discharge capability, in Class 20 (U.S. Class 2)." Plaintiff's application for registration of the Mark was filed on March 7, 1974 and the Mark was registered on February 24, 1976. A copy of the registration is attached hereto as Exhibit A and is incorporated herein by this reference. This registration is valid and subsisting and is in full force and effect.

10. Additionally, in accordance with the Lanham Act, Plaintiff registered the Mark on the principal register of the United States Patent and Trademark Office ("USPTO") for goods and services related to "flexible intermediate sacks or bags for storage and transportation of materials in bulk, in Class 22 (U.S. Classes 1, 2, 7, 19, 22, 42 and 50)." Plaintiff's application for registration of the Mark was filed on April 25, 1997 and the Mark was registered on December 28, 1999. A copy of the registration is attached hereto as Exhibit B and is incorporated herein by this reference. This registration is valid and subsisting and is in full force and effect.

11. Pursuant to the Lanham Act, Plaintiff's registrations constitute *prima facie* evidence of (a) the validity of the Mark and the registrations thereof, (b) Plaintiff's ownership of the Mark, and (c) Plaintiff's exclusive right to use the Mark on or in connection with the goods and services specified in the registrations, without condition or limitation. 15 U.S.C. 1057(b) and 1115(a). In addition, Plaintiff's registrations constitute constructive notice of Plaintiff's claim of ownership of the Mark.

12. Since 1974, Plaintiff has continuously used the Mark in commerce throughout the United States and around the world and, in doing so, spent a substantial amount of energy, time and money to promote its goods and services that bear the Mark.

13. Plaintiff has prominently used, advertised and promoted its goods and services bearing the Mark in various media since 1974, including through print advertisements, online marketing, social media, and promotions at trade shows, among others. Plaintiff also prominently features the Mark on its bulk containers. Plaintiff also owns a website, [www.bagcorp.com](www.bagcorp.com), and has done so for many years. The Mark is featured prominently on the home page and interior pages of the website.

14. As a result of Plaintiff's expenditures, and its extensive and continuous use of the Mark since 1974, the Mark has gained widespread recognition and goodwill throughout the United States and the world and is so well known that consumers associate the Mark with Plaintiff, Plaintiff's products and bulk transportation.

### B. Defendant's Intentional, Knowing and Willful Infringement

15. Defendant, with actual knowledge of Plaintiff's rights in and to the Mark, has used and, on information and belief, continues to use the Mark to advertise, promote and sell Defendant's goods and services. *See* Exhibit C.

16. On several occasions, Plaintiff has asked Defendant to cease its unauthorized use of the Mark. Despite Plaintiff's repeated and reasonable requests, Defendant has continued to knowingly and willfully use the Mark to advertise, promote and sell its good and services.

17. Defendant's unauthorized use of the Mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, sponsorship, approval, or

affiliation of Defendant's business, products, or services. Consumers are likely to believe, erroneously, that Defendant's goods or services are affiliated or connected with Plaintiff.

18. Any failure, neglect, or default by Defendant or any negative public perception of Defendant or the goods and services offered by it will likely reflect adversely upon Plaintiff.

19. The favorable goodwill that Plaintiff has developed is at risk as a result of Defendant's infringement of the Mark.

20. Defendant's infringement will also lessen the ability of the Mark to identify and distinguish Plaintiff's goods and services, thereby causing harm to Plaintiff.

21. Defendant has damaged Plaintiff and, on information and belief, is continuing to damage Plaintiff by its unlawful acts. Defendant will cause irreparable injury to Plaintiff for which there is no adequate remedy at law unless Defendant is restrained by this Court.

## V. CAUSES OF ACTION

### COUNT ONE

### (Federal Trademark Infringement)

22. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

23. Plaintiff owns an incontestable, valid and enforceable federally registered trademark.

24. Without Plaintiff's consent, Defendant has intentionally, knowingly and willfully engaged and, on information and belief, continues to intentionally, knowingly

and willfully engage in commercial advertising, promotion and sales of goods and services which has the effect of misrepresenting the nature, characteristics and/or qualities of Plaintiff's goods, services or commercial activities.

25. Defendant's intentional, knowing and willfull misrepresentations and conduct are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by Plaintiff.

26. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

27. Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

28. Plaintiff seeks all remedies available under the Lanham Act including, but not limited to, those provided by 15 U.S.C. §§ 1116(a) and 1117(a).

29. Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

### COUNT TWO

### (Federal Unfair Competition)

30. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

31. Defendant's conduct constitutes the use of words, terms, names, symbols or devices tending falsely to describe its infringing goods and services, within the meaning of 15 U.S.C. § 1125(a)(1).

32. Defendant's intentional, knowing and willful misrepresentations and conduct are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by Plaintiff.

33. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

34. Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

35. Plaintiff seeks all remedies available under the Lanham Act including, but not limited to, those provided by 15 U.S.C. §§ 1116(a) and 1117(a).

## COUNT THREE

### (Federal Dilution)

36. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

37. Defendant's conduct constitutes a likelihood of dilution of the distinctive quality of the Mark within the meaning of 15 U.S.C. § 1125(c).

38. Defendant intentionally, knowingly and willfully traded on and continues to trade on Plaintiff's reputation and to cause such dilution.

39. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

40. Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

41. Plaintiff seeks all remedies available under the Lanham Act including, but not limited to, those provided by 15 U.S.C. §§ 1116(a) and 1117(a).

## COUNT FOUR

### (State Trademark Infringement and Unfair Competition)

42. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

43. Without Plaintiff's consent, Defendant has intentionally, knowingly and willfully engaged and, on information and belief, continues to intentionally, knowingly and willfully engage in commercial advertising, promotion and sales of goods and services which has the effect of misrepresenting the nature, characteristics and/or qualities of Plaintiff's goods, services or commercial activities.

44. Defendant's intentional, knowing and willful misrepresentations and conduct are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by Plaintiff.

45. Defendant's conduct constitutes infringement of Plaintiff's common law

rights in and to the Mark, and further constitutes common law unfair competition with Plaintiff.

46. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

47. Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

## COUNT FIVE

### (State Injury to Business Reputation or Dilution of Mark)

48. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

49. Plaintiff has owned the common law rights to the Mark since 1974.

50. Defendant has engaged in actions injurious to the business reputation and/or diluted the distinctive quality of the Mark. Such actions violate the Texas Anti-Dilution Statute. *See* Tex. Bus. & Comm. Code § 16.29.

51. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

52. Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

53. Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT SIX

### (Misappropriation)

54. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

55. Plaintiff expended a significant amount of time, labor, skill and money to develop the Mark and the goods and services offered under the Mark.

56. Defendant has used and, on information and belief, continues to use the Mark in competition with Plaintiff, thereby gaining a special advantage in that competition because Defendant is burdened with little or none of the expense incurred by Plaintiff.

57. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful conduct of Defendant.

## COUNT SEVEN

### (Tortious Interference with Prospective Business Relations)

58. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

59. Defendant has published false and misleading statements that misrepresent the nature, characteristics and/or qualities of Plaintiff's goods and/or services.

60. But for the actions of Defendant, there was a reasonable probability that Plaintiff would have entered into one or more business relationships with consumers

and/or other third parties.

61. Defendant has intentionally interfered with Plaintiff's prospective business relationships with consumers and/or other third parties and is the proximate cause of Plaintiff's injury. Defendant's actions have injured the business reputation of Plaintiff and constitute tortious interference with prospective business relations.

62. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful conduct of Defendant.

## COUNT EIGHT

### (Tortious Interference with Existing Business Relations)

63. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

64. Defendant has published false and misleading statements that misrepresent the nature, characteristics and/or qualities of Plaintiff goods and/or services.

65. Defendant's actions have impaired or otherwise interfered with one or more existing business relationships between Plaintiff and consumers and/or other third parties.

66. Defendant has intentionally interfered with Plaintiff's existing business relationships with consumers and/or other third parties and is the proximate cause of Plaintiff's injury. Defendant's actions have injured the business reputation of Plaintiff and constitute tortious interference with existing business relations.

67. Plaintiff has suffered and continues to suffer substantial injury, resulting in

damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful conduct of Defendant.

## COUNT NINE

### (Tortious Interference with Potential Contracts)

68.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

69.     Plaintiff has sought to enter into numerous contracts with customers and/or other third parties.

70.     Defendant has published false and misleading statements that misrepresent the nature, characteristics and/or qualities of Plaintiff's goods and/or services.

71.     Defendant has willingly and intentionally interfered with Plaintiff's potential contracts with customers and/or other third parties and is the proximate cause of Plaintiff's injury.  Defendant's actions have injured the business reputation of Plaintiff and constitute tortious interference with potential contracts.

72.     Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful conduct of Defendant.

## COUNT TEN

### (Tortious Interference with Existing Contracts)

73.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

74.     Plaintiff is a party to one or more valid contracts with customers and/or

other third parties.

75. Defendant has published false and misleading statements that misrepresent the nature, characteristics and/or qualities of Plaintiff's goods and/or services.

76. Defendant has willingly and intentionally interfered with Plaintiff's existing contracts with customers and/or other third parties and is the proximate cause of Plaintiff's injury. Defendant's actions have injured the business reputation of Plaintiff and constitute tortious interference with existing contracts.

77. Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful conduct of Defendant.

## COUNT ELEVEN

### (Request for Preliminary Injunction)

78. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

79. Plaintiff hereby requests a Preliminary Injunction pursuant to 15 U.S.C. § 1116(a), Lanham Act § 34(a), Section 65.001, *et seq.*, of the Texas Civil Practice & Remedies Code, Texas common law, and the Texas Rules of Civil Procedure. Plaintiff asks the Court to set a hearing for temporary injunction at the earliest possible time, and order Defendant to appear and show cause why at said hearing the following should not be made a temporary injunction. As more specifically set forth below, Plaintiff will be irreparably harmed unless Defendant, its agents, servants, employees and those persons acting in concert or participation with them are restrained as requested and temporarily enjoined as follows:

     a.    Defendant, its agents, servants, employees and those persons acting in concert or participation with them be restrained and enjoined from making any use of the Mark or any marks confusingly similar to the Mark in connection or association with the marketing, sale and/or promotion of goods or services related to containers and other products associated with the storage and transportation of materials in bulk.

## COUNT TWELVE

### (Request for Permanent Injunction)

80. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

81. Plaintiff asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendant.

## VI.   ATTORNEYS' FEES

82. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

83. This is an exceptional case and, as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs on equitable grounds.

## VII.   JURY DEMAND

84. Plaintiff hereby demands a trial by jury on all issues so triable.

Case 3:13-cv-01474-M   Document 1   Filed 04/15/13   Page 15 of 16   PageID 15

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment ruling as follows:

a. That Defendant, its agents, servants, employees and those persons acting in concert or participation with them be preliminarily enjoined from making any use of the Mark or any marks confusingly similar to the Mark in connection or association with the marketing, sale and/or promotion of goods or services related to containers and other products associated with the storage and transportation of materials in bulk;

b. That Defendant, its agents, servants, employees and those persons acting in concert or participation with them be permanently enjoined from making any use of the Mark or any marks confusingly similar to the Mark in connection or association with the marketing, sale and/or promotion of goods or services related to containers and other products associated with the storage and transportation of materials in bulk;

c. That Defendant be required to account and pay to Plaintiff all profits and benefits it derived as a result of the activities complained of herein;

d. That Defendant be required to pay to Plaintiff the actual, consequential and compensatory damages sustained as a result of the activities complained of herein;

e. That Defendant be required to pay increased damages due to its willful infringement;

f. That Defendant be required to pay all pre-judgment and post-judgment interest at the highest rates allowed by law;

g. That Defendant be required to pay costs and attorney's fees; and

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                                                    15

    h.    For such other and further relief as this Court deems just and proper.

Dated: April 15, 2013                           Respectfully submitted,

                                                **CHALKER FLORES, LLP**

                                                By: /s/Thomas G. Jacks
                                                        Thomas G. Jacks
                                                        Texas Bar No. 24067681
                                                        tjacks@chalkerflores.com
                                                        14951 N. Dallas Parkway, Suite 400
                                                        Dallas, Texas 75254
                                                        (214) 866-0001
                                                        (214) 866-0010 (Fax)

                                                **ATTORNEYS FOR PLAINTIFF**