**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **B.A.G. CORP** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-CV-01474-M-BH** |
| | § | |
| **SHELDON CONTAINERS, INC.** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated August 27, 2015 (doc. 64 at 5),[1] before the Court is *Plaintiff's Motion for Attorney's Fees*, filed June 23, 2015 (doc. 60) for the determination of the amount of reasonable and necessary fees.  Based on the relevant filings, evidence, and applicable law, the plaintiff should be awarded $58,758.50 in reasonable and necessary fees.

## I. BACKGROUND

This application for attorney's fees arises out of a lawsuit filed by B.A.G. Corp. (Plaintiff) for trademark infringement, unfair competition, trademark dilution and for injunctive relief against Sheldon Container, Inc. (Defendant). (doc. 14.)   On September 19, 2014, Plaintiff filed a motion for summary judgment on its claims against Defendant. After a hearing on May 12, 2015, Plaintiff's motion was granted. (doc. 59 at 1-3.)

On June 23, 2015, Plaintiff moved for attorney's fees under Fed. R. Civ. P. 54(d)(2) and 15 U.S.C. § 1117(a) and it submitted a bill of costs. (doc. 60, 62.)  Defendant neither responded to the motion nor objected to the costs requested by Plaintiff.  Costs were taxed against Defendant on August 7, 2015. (doc. 63.)  On August 27, 2015, Plaintiff's motion for attorney's fees was granted, and the district court referred the motion for recommendation on the amount of reasonable and necessary

_____

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

attorney's fees. (doc. 64 at 5.)

## II. ANALYSIS

In adjudicating an attorney's fee award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[2] *Riley*, 99 F.3d at 760; *Louisiana Power & Light Co.*, 50 F.3d at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

## A.   The Lodestar

In support of their application, Plaintiff submits an affidavit, invoices, and spreadsheets. (docs. 61-1, 61-2, 61-3.)

---

[2] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717–19).

### 1.       *Reasonable hourly rate*

Plaintiff has the burden of showing that its counsels' hourly rates are reasonable. *La. Power & Light Co.*, 50 F.3d at 324. "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Neles–Jamesbury, Inc. v. Bill's Valves*, 974 F.Supp. 979, 987 n. 19 (S.D. Tex. May 30, 1997).  Further, "[t]o inform and assist the court in the exercise of its discretion [in analyzing reasonable hourly rate], the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate ." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984) (emphasis added); *see Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."); *Watkins v. Fordice*, 7 F.3d 454, 458 (5th Cir. 1993).

Here, Plaintiff seeks hourly rates for his attorneys of $300 per hour for Thomas G. Jacks, $250 per hour for Tyler G. Stuart, $175 per hour for Neil J. Stockbridge through October 2014, and $200 per hour for Stockbridge from November 2014 onward. (doc. 61 at 4.)  Mr. Jacks's affidavit generally addresses his own qualifications and the hourly rates of his firm.[3] (doc. 61-1 at 2-3.)  He avers that the fees "charged are those customarily charged in this area for the same or similar services by attorneys with [their] respective experience, reputation and ability."  (*Id*. at 3.)   The hourly rates appear

_____

[3]   Plaintiff's application does not include any biographical information for attorneys Stuart or Stockbridge. (*See* doc. 61-2 at 1-47.)  Additionally, the information provided regarding Mr. Jacks' experience is limited to his title and the statement that he is licensed to practice law in the State of Texas and before the U.S. District Court for the Northern District of Texas. (*See* doc. 61-1 at 2.)

consistent with the prevailing market rates in this area, and Defendants have not objected.[4] *See, e.g., S & H Indus., Inc. v. Selander*, No. 3:11–CV–2988–M–BH, 2013 WL 6332993 (N.D. Tex. Dec. 5, 2013); *Sprint Solutions, Inc. v. Taylor*, No. 3:14–CV–4124–M–BF, 2016 WL 446669 (N.D. Tex. Jan. 8, 2016), *adopted by* 2016 WL 427481 (N.D. Tex. Feb. 4, 2016).   Accordingly, the hourly rates for Plaintiff's counsel are reasonable.

### 2.      *Reasonable number of hours*

Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).   Here, Plaintiff submitted copies of attorney invoices with detailed time entries, covering the period of March 31, 2013 to June 15, 2015. (doc. 61-2 at 1-47.)   Plaintiff's billing statements reflect that Jacks spent 128.88 hours at a rate of  $300 per hour, Stuart spent 43.6 hours at a rate of $250 per hour, and Stockbridge spent 2.1 hours at a rate of $175 per hour and 37.3 at a rate of $200 per hour. (docs. 61 at 4, 61-2 at 1-47.)[5]   Plaintiff also requests an additional $84 for electronic legal research[6] and $1,283[7] for support staff who contributed to the attorneys' work, including paralegals and attorneys who are not yet

---

[4] "When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate." *S & H Indus., Inc. v. Selander*, No. 3:11–CV–2988–M–BH, 2013 WL 6332993, at *3 n.4 (N.D. Tex. Dec. 5, 2013) (citing *Baulch v. Johns*, 70 F.3d 813, 818 n. 8 (5th Cir. 1995)).

[5] Although not addressed in the motion, the invoices reflect that some billing entries of both attorneys and paralegals have been written-off by Plaintiff's attorneys. (*See* doc. 61-2 at 16, 27, 28, 30.)

[6] "[C]omputer-aided legal research is more akin to awards under attorney's fees than under costs. . . . [because] [t]he services offered by computer software companies or by specialized research companies have the effect of replacing the hours traditionally billed by the attorney." *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp. 415, 419 (N.D. Tex. 1997) (internal citations and quotations omitted).

[7] Plaintiff's billing records reflect that non-attorneys billed 8.15 hours at a rate of $100 per hour, 3 hours at a rate of $125 per hour, and 0.6 hours at a rate of $155 per hour during the pendency of the case. (docs. 61-2 at 1-47; 61-3 at 1-2.)

licensed. (docs. 61 at 4; 61-2 at 1-47.)[8]  Defendants have not objected to any of the hours requested.

Accordingly, Plaintiff has established a lodestar amount of $58,758.50.

**B.      Adjustments to Lodestar**

Neither party argues for an adjustment to the lodestar.  Accordingly, no adjustment based on

the *Johnson* factors is warranted.  Because no adjustment to the lodestar is warranted, Plaintiff has

established that the amount of reasonable and necessary attorney's fees that it should be awarded is

$58,758.50.

### III. RECOMMENDATION

Plaintiffs should be awarded $58,758.50 in attorney's fees.

**SIGNED this 24th day of February, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] The lodestar amount of $60,041.50 proposed in *Plaintiff's Memorandum in Support of its Motion for Attorney Fees* appears to double count the requested fees of $1,283 for non-attorney time (i.e., 8.15 hours at $100 per hour; 3 hours at $125 per hour; and 0.6 hours at $155 per hour). (*See* doc. 61 at 4-5.)   The attorney time alone only totals $57,391.50 (i.e., 128.88 hours at $300 per hour; 43.6 at $250 per hour; 2.1 hours at $175 per hour; and 37.3 hours at $200 per hour), not $58,674.50, as Plaintiff's motion represents. (*Id.* at 4.)  Accordingly, the requested lodestar amount is reduced by $1,283. (*See* doc. 61 at 4-5.)

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6